UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD STANLEY LAVIGNE,

        Defendant,

and

STATE OF MICHIGAN DEPARTMENT OF TREASURY,

        Garnishee
_____/

Case Number 23-51467
Honorable David M. Lawson

## **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S REQUEST FOR A CONTINUING WRIT OF GARNISHMENT**

Defendant Donald Stanley Lavigne was convicted on all ten counts of an indictment charging him with, among other things, filing false income tax returns. He was sentenced to a prison term to be followed by supervised release for two years, a special assessment of $1,000 ($100 per count), and restitution payable to the Internal Revenue Service of $80,732.11. *See United States v. Lavigne*, No. 21-20355 (E.D. Mich.), ECF No. 236. The government has requested a writ of continuing garnishment to collect the monetary penalties set forth in the judgment. Lavigne countered with a request for a hearing, including in his request a demand that the Court quash the garnishment writ and vacate the restitution order. He raises several objections relating to assets that are exempt from execution, ambiguities in the judgment and commitment, the absence of a payment schedule, and the timing of collection of the monetary penalties. Most of Lavigne's objections are meritless. However, one of them — relating to the timing of the restitution payments — was not addressed by the government's response, and upon examination

requires a substantial modification of the writ of garnishment. Because the tax crimes on which Lavigne was convicted are not offenses identified in the Mandatory Victim's Restitution Act as authorizing a restitution order, ordering immediate restitution is not allowed. The Court may order restitution payment as a condition of supervised release, which it did here. But collection of that restitution must wait until Lavigne is under supervision. The government may collect immediately only the special assessment of $1,000, and its garnishment request must be modified accordingly.

I.

Lavigne was convicted at a bench trial of seven counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), two counts of making false statements in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3), and one count of lying to a government official in violation of 18 U.S.C. § 1001(a)(3). He was sentenced on July 18, 2023 to 36 months in prison followed by two years of supervised release. He was ordered to pay a special assessment totaling $1,000. As a special condition of his supervised release, Lavigne was required to pay restitution to the Internal Revenue Service of $80,732.11. *Lavigne*, No. 21-20355, Judgment, ECF No. 236, PageID.2279.

The Court calculated the restitution amount as the tax loss, interest, and penalties for tax years 2013 through 2018 as established by the government at the sentencing hearing. *Lavigne*, No. 21-20355, Sent'g Hr'g Tr., ECF No. 237, PageID.2303. As a special condition of supervision, the Court ordered Lavigne to file amended tax returns for each of the affected tax years, pay the tax obligation owed, and establish a monthly payment plan. *Id.* at PageID.2304; Judgment at 5, ECF No. 236, PageID.2278.

In the Schedule of Payments section of the judgment, the Court ordered the $1,000 special assessment to be paid as a lump sum due immediately. *Id.*, Judgment at 7, ECF No. 236, PageID.2280. The Court checked boxes on the judgment form that stated "[p]ayment [is] to begin

immediately" and that "[p]ayment during the term of supervised release will commence within 30 days *(e.g., 30 or 60 days)* after release from the imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time." *Ibid.* Finally, the judgment states that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." *Ibid.* Lavigne has appealed his conviction and sentence, and his appeal remains pending.

The government opened the present miscellaneous file with an application for a continuing writ of garnishment to collect the restitution amount stated in the criminal judgment. The Clerk issued the writ directed to the Michigan Department of Treasury on October 6, 2023, and it was served on the defendant on October 18, 2023. On November 9, 2023, Lavigne, who is serving his sentence at FPC Loretto in Loretto, Pennsylvania, filed a motion to appoint counsel and to extend time to request a hearing opposing the government's application for writ of continuing garnishment. The Court granted that motion in part, extending Lavigne's response date but denying his request for counsel.

Lavigne then filed a request for a hearing, claiming every exemption available under 18 U.S.C. § 3613, although he specified that he only claimed them "if they apply and the law allows." ECF No. 7, PageID.36. Lavigne also raised several additional issues with the garnishment. The government filed a response, and Lavigne filed a reply.

II.

The government may enforce the monetary payment provisions of a criminal judgment against a criminal defendant — that is, it may collect court-ordered fines and restitution payments — "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a), (f); *In re Robinson*, 764 F.3d 554, 559, 560 n.1

(6th Cir. 2014). Section 3613(a) in turn references 26 U.S.C. § 6334, which contains a long list of property categories that are exempt from levy. The exempt properties include things like wearing apparel, tools of trade, unemployment benefits, pensions, child support, and a portion of wages.

A.

The civil procedures that the federal government utilizes to collect judgments are set forth in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.* 28 U.S.C. § 3001(a)(1). Under the FDCPA, upon application by the government, the Court is authorized to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." *Id.* § 3205(a). The government then must serve the writ on the garnishee and the debtor. *Id.* § 3205(c)(3). The garnishee must file an answer with the court and serve a copy of its answer on the debtor and the government. *Id.* § 3205(c)(4). Either party may then file objections to the garnishee's answer and request a hearing "[w]ithin 20 days after receipt of the answer." *Id.* § 3205(c)(5).

The Court will hold a hearing on the objections, but the hearing is limited to the validity of a claim of exemption and the government's compliance with statutory requirements. 28 U.S.C. § 3202(d). A judgment debtor who contests a writ of garnishment bears the burden of showing he is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). A hearing is not necessary, however, "where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases).

None of the exemptions cited *pro forma* by Lavigne applies here; the government's writ is directed to money owed the defendant by the Michigan treasury, like state income tax refunds.

Courts repeatedly have held that state income tax refunds are not exempt from garnishment. *See, e.g.*, *United States v. Budd*, No. 21-50759, 2021 WL 5541936, at *1-2 (E.D. Mich. Aug. 31, 2021); *United States v. Miller*, No. 08-11499, 2019 WL 2205918, at *1 (E.D. Mich. Feb. 28, 2019), *report and recommendation adopted*, 2019 WL 1748426 (E.D. Mich. Apr. 19, 2019) ("Because Defendant has not shown that his Michigan income tax refunds are exempt from garnishment, his objections must be denied."); *United States v. Price*, No. 17-51116; 2017 WL 4803706, at *2 (E.D. Mich. Oct. 25, 2017); *United States v. Bravata*, No. 14-50375, 2015 WL 4967044, at *2 (E.D. Mich. Aug. 19, 2015); *United States v. Henderson*, No. 13-15146, 2014 WL 4209936, at *1 (E.D. Mich. Aug. 26, 2014) ("While SSI funds would be exempt, his tax refund, based on taxes withheld as the result of employment, is not."). Lavigne's objection plainly is without merit. *Miller*, 588 F. Supp. 2d at 797. No hearing is required.

B.

Lavigne insists that the Court did not have the authority to order restitution to the government in this case. That argument constitutes a collateral attack on the judgement, which presently is on appeal. This Court cannot "alter[] the sentence" while the court of appeals has jurisdiction of the case. *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). Lavigne's argument should be directed to the appellate court.

It is true that federal courts have no inherent authority to order restitution to crime victims; they may do so, however, when Congress has authorized them to do so. *United States v. Evers,* 669 F.3d 645, 655 (6th Cir.2012). The Victim Witness Protection Act, 18 U.S.C. § 3663, and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, are two such authorizing statutes, but neither authorizes restitution as an independent part of the sentence for tax offenses under Title 26. *United States v. Blanchard*, 618 F.3d 562, 577 (6th Cir. 2010); *United States v. Butler*, 297

F.3d 505, 518 (6th Cir. 2002). Nevertheless, "the law gives courts wide discretion in ordering restitution as a condition of supervised release." *United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015) (citing *United States v. Batson*, 608 F.3d 630, 635 (9th Cir. 2010) ("[T]he Supervised Release Statute [18 U.S.C. § 3583(d) ], together with the Probation Statute [18 U.S.C. § 3563], unambiguously authorizes federal courts to order restitution as a condition of supervised release for *any* criminal offense, including one under Title 26, for which supervised release is properly imposed.")). That authority extends to ordering as a supervised release condition that the defendant pay restitution to the government when it has suffered a tax loss. *United States v. Lawrence*, 557 F. App'x 520, 531 (6th Cir. 2014) (recognizing that "if a defendant has been convicted of a tax crime under Title 26, and a court finds that the government has suffered a loss, the court may order the defendant to make restitution as a special condition of supervised release") (citations omitted).

The Court unquestionably was empowered to order Lavigne to pay restitution to the IRS as a condition of supervision. He believes the restitution order is premature, however, because after he undertakes to complete his faulty tax returns properly, the amount of his tax obligations could change. The problem with that argument is that it confounds the loss amount (and the corresponding restitution amount) determined by the Court at sentencing with the defendant's actual civil tax liability. The two are not necessarily the same. *Klein v. Comm'r of Internal Revenue*, 149 T.C. 341, 359-60 (2017). As the Tax Court in *Klein* explained,

> The restitution ordered in a criminal tax case is designed to compensate the IRS for the loss caused by the defendant's wrongdoing. But that award does not purport to reflect the defendant's actual civil tax liability. Generally, the IRS will later commence an examination to determine what the taxpayer's civil tax liability is. That liability may be higher or (as petitioners contend here) lower than the tax loss that formed the basis for the restitution award.

*Id.* at 359. The restitution figure in a criminal case is calculated using the evidence presented at the sentencing hearing bearing on the calculation of tax loss. *Id.* at 360. When the IRS later assesses the defendant's actual liability, the defendant is free to claim deductions not considered in the tax loss calculation. *Ibid.* If Lavigne takes issue with the *amount* of restitution in light of the evidence presented in the criminal case, he should seek to air that issue in his direct appeal.

C.

Lavigne's argument about the timing of the collection of restitution raises another issue, perhaps by accident. Restitution was ordered in this case as a special condition of supervised release. Lavigne is still serving the custodial part portion of his sentence and has not been released on supervision yet. Courts cannot require a defendant to make immediate payment on a restitution judgment when it is imposed as a term of supervised release. *United States v. Westbrooks*, 858 F.3d 317, 328 (5th Cir. 2017), *vacated on other grounds by Westbrooks v. United States*, 584 U.S. 901 (2018); *United States v. Hassebrock*, 663 F.3d 906, 924 (7th Cir. 2011) ("Because a district court can only impose restitution as a condition of supervised release, a defendant cannot be required to pay restitution until his period of supervised release begins."). If a court cannot order a defendant to pay restitution until their period of supervised release, it follows that the government cannot commence collection efforts on that part of the judgement's monetary penalties. The government does not address this issue in its brief, and it is not clear upon what authority it seeks to base its collection efforts. *See United States v. Roush*, 452 F. Supp. 2d 676, 681 (N.D. Tex. 2006) ("Because restitution payments are not presently due under the judgment, there is nothing for the government to enforce by garnishment.)

Once the defendant is on supervision, then the Court can address Lavigne's arguments about establishing a payment plan. Lavigne believes that the Court failed to establish such a plan

with his personal financial circumstances in mind. He is incorrect. His judgment reflects a consideration of his financial circumstances. *See Lavigne*, No. 21-20355, Judgment at 7, ECF No. 236, PageID.53 ("Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows . . . ."). And the Court did impose a payment schedule. The $1,000 special assessment was due immediately, while the balance of his restitution will be set as part of a later payment plan upon his release from custody. That scheme complies with the requirements of the MVRA. *See United States v. Hack*, 999 F.3d 980, 982 (6th Cir. 2021) (holding that a post-release payment schedule that would be finalized later based on the defendant's financial circumstances and recommendation of the probation department satisfies the terms of section 3664(f)(2) of the MVRA).

D.

Next, Lavigne argues that his judgment is ambiguous in two respects, which he believes require the writ of garnishment to be quashed and the judgment of restitution vacated. First, he notes that one of his conditions of supervised release requires that he file amended tax returns. He believes that these returns may change the amount he owes to the IRS, so the judgment is impermissibly ambiguous as to the amount of restitution owed. Second, he maintains that his judgment is ambiguous because the word restitution is not used in the Schedule of Payments section of his judgment. He believes this means that the Court did not indicate when his restitution would be due. Neither of these arguments has merit, but if Lavigne intends to attack the judgment, he should do so on direct appeal.

E.

Finally, Lavigne contends that issuance of a garnishment writ denies his due process. That argument is not clearly developed. If he is challenging the Court's decision to award restitution in

the first instance, again, he must raise that issue in his direct appeal. If he is challenging the procedures in this garnishment action, his argument is meritless. The Due Process Clause guarantees a person certain procedures before the government may deprive that person of life, liberty, or property. The fundament of that requirement is notice and the opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). Lavigne has had both. He obviously had notice of the government's writ, otherwise he could not have presented his written objections. And the Court is now able to determine whether the legal or factual disputes arising from his objections warrant a live hearing (which they don't). *Cf. United States v. Bankas*, 717 F. App'x 637, 638 (7th Cir. 2018) (mem.) (holding that defendant's due process rights were not violated by district court's denial of hearing when objections to garnishment were not based on grounds identified by section 3202(d)).

III.

The government may not enforce the restitution order in the criminal judgment until defendant Lavigne has been released from prison and begins his term of supervised release. The government may enforce the monetary penalty part of the criminal judgment that requires the payment of a $1,000 special assessment.

Accordingly, it is **ORDERED** that the defendant's objections to the writ of garnishment are **SUSTAINED IN PART AND OVERRULED IN PART**, and his request for a further hearing (ECF No. 7) is **DENIED**.

It is further **ORDERED** that the government must amend its request for a writ of garnishment to confine its collection effort to the $1,000 special assessment part of the monetary penalties in the criminal judgment.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 20, 2024